UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **KRZYSZTOF WOLEK,** | ) |
| **Plaintiff,** | ) |
| vs. | ) CASE NO. 3:24-cv-138-DJH |
| **UNIVERSITY OF LOUISVILLE,** | ) |
| **Defendant.** | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Krzysztof Wolek ("Wolek"), by counsel, brings this action against Defendant, University of Louisville ("Defendant"), for violating his rights as protected by the First Amendment of the United States Constitution (made applicable to the states through the Due Process Clause of the Fourteenth Amendment), and Kentucky's Campus Free Speech Protection Act (KRS 164.348).

**II. PARTIES**

2. Wolek is a resident of Jefferson County, Kentucky, who, at all times relevant to this action, resided within the geographical boundaries of the Western District of Kentucky.

3. Defendant is a public university located in Jefferson County, which is within the geographical boundaries of the Western District of Kentucky.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 28 U.S.C. §1367.

5. Jurisdiction is conferred on Wolek's state law claim pursuant to 28 U.S.C.§1367 because his state law claim arises from the same common nucleus of operative facts as his federal law claim, and all of his claims form a single case and controversy under Article III of the United States Constitution.

6. Defendant is a public postsecondary institution subject to the First Amendment of the United States Constitution and KRS 164.348. Wolek is "faculty" as defined by KRS 164.348.

7. Wolek's First Amendment claims are made applicable to the states through the Due Process Clause of the Fourteenth Amendment.

8. Defendant, acting pursuant to policy, practice, and/or custom, violated Wolek's rights as protected by the First Amendment of the United States Constitution and KRS 164.348.

9. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, the venue is proper in this Court.

### IV. <u>FACTUAL ALLEGATIONS</u>

10. On or around August 1st, 2008, Wolek began working for Defendant as a Music Professor at Defendant's School of Music.

11. At all relevant times, Wolek has met or exceeded Defendant's legitimate performance expectations. Notably, he has received excellent reviews during each review period.

12. Wolek is a tenured faculty member at the rank of Full Professor, the highest seniority rank offered by the university.

13. During a meeting on or around December 7, 2021, then-acting Grawemeyer Award Director Marc Satterwhite ("Satterwhite") announced his retirement. Wolek expressed his interest in the position to his colleagues during the same meeting. He expressed his interest in the position to Department Chair Jerry Tolson ("Tolson") during a meeting on December 8, 2021.

14. During a meeting on or around December 16, 2021, Wolek was unanimously nominated by CCS to take over the Grawemeyer Award Director position following Satterwhite's retirement.

15. On or around January 26, 2022, Satterwhite emailed the School of Music CCS faculty stating that no one had contacted the School of Music's Dean, Dr. Teresa Reed ("Dr. Reed"), about succeeding Satterwhite as the Grawemeyer Director, and requested interested individuals contact Dr.

Reed to express their interest. Wolek submitted his name for the Grawemeyer Award Director on January 26, 2022.

16. On or around February 21, 2022, Department Chair Tolson announced that the position was awarded to Matt Ertz ("Ertz") despite Wolek being unanimously nominated for the position by the CCS on December 16, 2021. Wolek later learned Ertz had not even submitted his name for consideration for the position.

17. On or around February 22, 2022, Wolek replied to the announcement and expressed his concerns with the selection process. In response, Dr. Reed sent an email to the administration stating, "The message you received from Dr. Wolek is just the latest iteration of a pattern of behavior to which he resorts to canvassing support for his position when decisions are not to his liking."

18. On or around February 22, 2023, Wolek emailed Tolson and Dr. Reed expressing his concerns that the most recent administration of the Grawemeyer Award was not in compliance with the requisite policies and procedures, and requested a meeting to discuss his concerns. Wolek's email was sent pursuant to University Policy, which requires faculty members to report compliance concerns. Dr. Reed responded by demanding Wolek produce eleven (11) complex sets of information and evidence within twenty-four (24) hours. When Wolek expressed his inability to comply with these stringent demands and disagreed with how Dr. Reed reacted to his email expressing concerns, Dr. Reed responded in an adversarial and demeaning manner.

19. On or around March 7, 2023, Dr. Reed emailed the CCS faculty instructing them to "kindly refrain from discussing the [Grawemeyer] award's structure, rules, and procedures."

20. On or around March 26, 2023, Wolek emailed his colleague, Dr. Barry Johnson ("Dr. Johnson"), discussing his concerns with how judges were selected for the Grawemeyer Award.

21. On or around March 28, 2023, Wolek received a request to engage in the Faculty Accountability Policy ("FAP") Investigation. The FAP request reiterated Dr. Reed's "request and expectation" to not discuss the Grawemeyer Award.

22. On or around April 5, 2023, Wolek received FAP charges via email. Wolek was under investigation for his email to Dr. Johnson on March 26, 2023. The FAP charge called out Wolek's discussion of the Grawemeyer Award and alleged that Wolek's email to Dr. Johnson was "unprofessional and disruptive to the work environment."

23. On or around May 3, 2023, Tolson and Dr. Reed invited Wolek to an in-person meeting to discuss the results of the FAP investigation. Dr. Reed issued Wolek a verbal warning with the threat of further disciplinary action, up to and including termination.

24. On or around May 8, 2023, Wolek wrote an email to Dr. Reed appealing the FAP process and its findings. Later that day, Dr. Reed responded to Wolek's email and reconfirmed FAP's findings and stated that the matter was concluded.

## V. CAUSES OF ACTION

### COUNT I: THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION: FREE SPEECH VIOLATION

25. Wolek hereby incorporates paragraphs one (1) through twenty-four (24) of his Complaint as if the same were set forth at length herein.

26. Dr. Reed's March 7, 2023 email forbidding the faculty from discussing the Grawemeyer Award is an unlawful prior restraint on free speech.

27. Wolek engaged in speech that was constitutionally protected when he emailed Dr. Johnson expressing his professional concerns regarding the administration's handling of the Grawemeyer Award, and when he complained about compliance issues to Tolson and Dr. Reed.

28. Defendant unlawfully retaliated against Wolek for his engagement in a protected activity. By labeling Wolek's emails as "disruptive" and taking disciplinary action against him for his emails, Defendant violated Wolek's free speech and rights as protected by the First Amendment of the United States.

29. Defendant's actions are a deprivation likely to deter free speech, and his speech was at least a motivating factor in the employer's actions.

30. Defendant's actions were intentional, willful, and in reckless disregard of Wolek's rights as protected by the First Amendment.

31. Wolek suffered and continues suffering damages as a result of Defendant's unlawful actions.

### COUNT II: KRS 164.348 – VIOLATION OF CAMPUS FREE SPEECH PROTECTION

32. Wolek hereby incorporates paragraphs one (1) through thirty-one (31) of his Complaint as if the same were set forth at length herein.

33. Wolek engaged in protected speech when he emailed Dr. Johnson expressing his professional concerns regarding the administration's handling of the Grawemeyer Award, and when he complained about compliance issues to Tolson and Dr. Reed.

34. Defendant unlawfully retaliated against Wolek for his engagement in a protected activity. By labeling Wolek's emails as "disruptive" and taking disciplinary action against him for his emails, Defendant violated Wolek's free speech and rights as protected by KRS 164.348.

35. Defendant's actions are a deprivation likely to deter free speech, and his speech was at least a motivating factor in the employer's actions.

36. Defendant's actions were intentional, willful, and in reckless disregard of Wolek's rights as protected by KRS 164.348.

37. Wolek suffered and continues suffering damages as a result of Defendant's unlawful actions.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Krzysztof Wolek, respectfully requests that this court enter judgment in his favor and award him the following relief:

1. Permanently enjoin the Defendant from engaging in any conduct in violation of the First Amendment and/or KRS 164.348;

2. Award all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

    3.    Award Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

    4.    Award compensatory damages for violations the First Amendment of the Constitution and KRS 164.348;

    5.    Award punitive damages for violations of the First Amendment of the Constitution, and KRS 164.348;

    6.    Award all costs and attorney's fees incurred as a result of bringing this action;

    7.    Award pre-and post-judgment interest on all sums recoverable; and

    8.    Award all other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Andrew Dutkanych*_____
Andrew Dutkanych
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: ad@bdlegal.com
*Counsel for Plaintiff, Krzysztof Wolek*

## DEMAND FOR JURY TRIAL

Plaintiff, Krzysztof Wolek, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Andrew Dutkanych*_____
Andrew Dutkanych
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: ad@bdlegal.com
*Counsel for Plaintiff, Krzysztof Wolek*